RICHARD E. NICHOLS AND JOSEPHINE NICHOLS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nichols v. Commissioner
Docket Nos. 22609-80, 8491-82.
United States Tax Court
T.C. Memo 1985-338; 1985 Tax Ct. Memo LEXIS 284; 50 T.C.M. (CCH) 384; T.C.M. (RIA) 85338; July 15, 1985. John Patrick Kelly, for the petitioners. John O. Kent, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent determined deficiencies of $14,799.27 and $9,936 in petitioners' 1977 and 1978 Federal income tax, respectively. After concessions [1] the issues presented for consideration in these consolidated cases are: (1) Whether petitioners are entitled to deduct certain claimed "advanced minimum royalties" under section 1.612-3(b)(3), Income Tax Regs.; and (2) whether damages should be awarded under section 6673. [2]
*285 All of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by this reference. [3]
Petitioners, Richard E. Nichols and Josephine Nichols, resided in Indianapolis, Indiana, at the time they filed the petition in this case. Petitioners filed their 1977 and 1978 joint Federal income tax returns with the Internal Revenue Service Center in Memphis, Tennessee. On their return, petitioner-husband's occupation is listed as "Corporate Executive" and petitioner-wife's is listed as "Housewife." This case grows out of the involvement of petitioner-husband in the now-familiar coal lease shelter with a minimum annual royalty payment, most of which is "paid" by means of a nonrecourse note exclusively payable from mining receipts. During 1977, petitioner entered into a coal lease with Wyoming and Western Coal Reserves, Inc. (WW) (lessor), which lease gave petitioner the right to *286 mine merchantable coal at a specific location in Wyoming. The same parties simultaneously executed an "Addendum to Mining Lease." Pursuant to the Addendum, petitioner, as lessee, was given the option of paying the $45,000 royalty specified in the lease either by cash or a nonrecourse note. The nonrecourse promissory note was to be repaid only from coal mined in excess of the initial 60,000 tons. All outstanding sums were due and payable on December 31, 1997. Petitioner also engered into a "Contract for the Sale of Coal" with Coal & Minerals Leasing & Development Corporation (CM), whereby petitioner paid a portion of the "minimum annual royalty payment" with his own personal check and borrowed the remaining amount from CM by signing a nonrecourse promissory note. [4] In exchange for petitioner's nonrecourse promissory note, CM issued a check to petitioner, which petitioner negotiated to WW pursuant to an "Authorization to Negotiate." No coal was mined or produced from petitioner's leased mining claim in 1977 or 1978. *287 All of the transactional documents petitioner executed, including the "Mining Lease," the "Addendum to Mining Lease," the "Non-Recourse Promissory Note," the "Authorization to Negotiate," and the "Contract for the Sale of Coal," are the same as in Oneal v. Commissioner, 84 T.C.     (June 4, 1985) and the cases cited therein dealing with Wyoming and Western Coal Reserves, Inc., and Coal & Minerals Leasing & Development Corporation. The only material difference is the amount of money "invested" and the amount of deductions claimed with respect to the "leased" property. For both 1977 and 1978 taxable years, petitioners deducted royalties in the amount of $45,000 on Schedule C of their returns as an expense petitioners incurred as lessees of a coal mine. Respondent, in his notice of deficiency, disallowed petitioners' claimed coal mining deductions in full. Petitioners have not presented any additional facts nor legal arguments other than those we considered in Oneal v. Commissioner,supra. We find that Oneal v. Commissioner,supra, and the cases cited therein are controlling. Thus, we conclude that petitioners are not entitled to any deductions with respect *288 to the coal lease. In addition, upon review of this record, we find that petitioners' positions are frivolous and groundless and that this proceeding was instituted and maintained primarily for delay. Despite the many times that this Court has decided the same issues petitioners raise, and the clear and established precedent in this area, petitioners do not present any new arguments or attempt to factually or legally distinguish their case. We award damages to the United States under section 6673 [5], sua sponte, in the maximum amount of $5,000. To reflect the foregoing, *289 An appropriate order will be entered on respondent's motion for damages and a decision will be entered for respondent.
Footnotes
1. Petitioners concede respondent's adjustments with respect to interest deductions and capital gains for the 1978 taxable year. ↩
2. Unless otherwise indicated, all statutory references are the Internal Revenue Code of 1954, as amended and in effect during the taxable years at issue.↩
3. Respondent has filed a Request for Admissions. In addition, petitioners have failed to file any briefs in this case. Thus, this case is presented on the basis of a stipulation of facts and respondent's unopposed Request for Admissions.↩
4. Petitioner "paid" one-quarter of the 1977 annual royalty ($11,250) with a personal check dated Nov. 5, 1977, and also signed a promissory note for $11,250 on Dec. 8, 1977, agreeing to pay WW such amount in installments with ten percent interest from Jan. 1, 1978.↩
5. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩